CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 26 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL CARPENTER, <br> Petitioner, <br> <br> v. <br> <br> UNITED STATES DEPARTMENT OF JUSTICE, <br> Respondent. | ) <br> ) <br> ) Civil Action No. 7:05cv00491 <br> ) <br> ) By: Michael F. Urbanski <br> ) United States Magistrate Judge <br> ) <br> ) |

## REPORT AND RECOMMENDATION

Petitioner, Michael Carpenter ("Carpenter"), Federal Register Number 05416-000,[1] has petitioned the court for a writ of habeas corpus under 28 U.S.C. § 2241 challenging a request to transfer him to the custody of the Commonwealth of Virginia, and requesting a temporary restraining order and injunctive relief to prevent such transfer from federal custody. This matter is before the court for report and recommendation on respondent's motion for dismissal of the petition, or in the alternative, motion for summary judgment.

For the reasons outlined below, it is the recommendation of the undersigned that respondent's motion be granted and the petition be dismissed, as circumstances render Carpenter's petition moot.

I

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 on August 4, 2005. (Compl. ¶ 1-9) In his petition, Carpenter states he was sentenced to life in prison by the

---

[1] In his complaint, Carpenter lists his Federal Register No. as 08885-084. The response and affidavit of the respondent filed on February 7, 2006 lists it as 05416-000. A Roseboro notice was issued on February 8, 2006, and petitioner has filed no substantive response refuting respondent's argument. It is assumed, therefore, that Carpenter's Federal Register No. is 05416-000.

United States District Court for the Western District of Virginia, and he also received a thirty (30) year sentence, to run consecutively to his federal sentence, in the Albemarle County Circuit Court of the Commonwealth of Virginia. (Compl. ¶¶ 4-5) At the time he filed his petition, petitioner was in custody at the Roanoke City Jail. (Compl. ¶ 1) Petitioner claims the Commonwealth of Virginia has requested custody of him, and that such a request directly contravenes the Albemarle County Circuit Court's judgment and order requiring petitioner's thirty (30) year state sentence to run consecutively with his federal sentence. (Compl. ¶¶ 6-7) Carpenter argues that transferring him from federal to state custody violates his due process rights. (Compl. ¶ 10) Accordingly, petitioner seeks a temporary restraining order as well as injunctive relief to prevent his transfer into state custody and allow him to serve his federal life sentence prior to his thirty (30) year state sentence. (Compl. ¶ 6-7)

On February 7, 2006, respondent filed a motion to dismiss, or in the alternative, motion for summary judgment. (Mot. Dismiss 1) In its memorandum in support of its motion, respondent claims this action should be dismissed as moot because petitioner has been granted the relief requested. (Resp't Mem. 1) Specifically, respondent argues petitioner has been removed from state custody and placed in federal custody in anticipation of a transfer to a Bureau of Prisons facility to serve his federal life sentence. (Resp't Mem. 1)

Respondent offers the declaration of Sharon Wahl in support of its position. (Resp't Mem. Ex. A) Sharon Wahl ("Wahl") is the legal instruments examiner for the Federal Bureau of Prisons at the Federal Correctional Institution in Beckley, West Virginia. (Resp't Mem. Ex. A, ¶ 1) In her capacity as legal instruments examiner, Wahl has access to the Federal Bureau of Prisons' online inmate information system SENTRY, which tracks all information regarding

2

inmates in custody in the Bureau of Prisons. (Resp't Mem. Ex. A, ¶ 2) Wahl attests that the SENTRY system reveals petitioner Michael Carpenter, Federal Register Number 05416-000, was admitted to a federal in-transit facility on January 25, 2006, and is waiting designation to a Federal Bureau of Prisons' facility for service of his federal life sentence. (Resp't Mem. Ex. A, ¶ 3)

Carpenter was given an opportunity to respond to respondent's motion to dismiss. (See Docket No. 28) On February 27, 2006, petitioner filed a motion for an extension of time to file a response to respondent's motion to dismiss, or in the alternative, motion for summary judgment. (Docket No. 29) The return address on the envelope enclosing this motion was the United States Penitentiary - Hazleton in Bruceton Mills, West Virginia.[2] On March 7, 2006, petitioner's motion was granted, and Carpenter was given an additional twenty (20) days from the date of the Order to file a response to respondent's motion. (Docket No. 30) Petitioner failed to file a response.

II

The Constitution of the United States limits the jurisdiction of Article III courts to matters that present actual cases or controversies. U.S. Const. art. III, § 2, cl. 1; see Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision. Lewis, 494 U.S. at 477-78.

---

[2] Incidentally, Carpenter provides a different "Reg. No." this time, 347766, on the return address portion of the envelope.

3

The mootness doctrine stems from this Article III requirement. <u>Western Oil & Gas Ass'n v. Sonoma County</u>, 905 F.2d 1287, 1290 (9th Cir. 1990) (citing <u>Regional Rail Reorganization Act Cases</u>, 419 U.S. 102, 138 (1974)). A claim becomes moot when the issues presented are no longer "live" or the parties lack a cognizable interest in the outcome. <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969); <u>Slade v. Hampton Rds. Reg'l Jail</u>, 407 F.3d 243, 248-49 (4th Cir. 2005).

Carpenter's claim in this case is clearly moot. The only relief petitioner requests in his petition is a temporary restraining order and injunctive relief to prevent him from being transferred into state custody to serve his thirty (30) year state sentence prior to his federal sentence. As respondent has asserted through the testimony of Sharon Wahl, petitioner, subsequent to the filing of his petition, was removed from state custody and placed in a federal in-transit facility to await designation to a Federal Bureau of Prisons' facility for service of his federal sentence. (Resp't Mem. 1; Ex. A, ¶ 3) Petitioner has not contested these facts. Indeed, it is clear from Carpenter's motion for a continuance mailed from the United States Penitentiary - Hazleton, that he is in federal custody. As such, the relief petitioner requests has already been granted and his claim is now moot. See <u>Magee v. Waters</u>, 810 F.2d 451, 452 (4th Cir. 1987) (holding the transfer of a prisoner renders a claim for injunctive relief moot); <u>Gore v. Adams</u>, No. 2:04cv481, 2005 U.S. Dist. LEXIS 9289, at *3-4 (E.D. Va. April 26, 2005) (recommending prisoner's § 2241 petition requesting recalculation of good time credits be dismissed as moot after prisoner had been released from custody).

The possibility that petitioner may be returned to state custody at some point in the future is not sufficient to generate an immediate case or controversy. See <u>Van Deusen v. Evatt</u>, No. 93-6314, 1994 U.S. App. LEXIS 15157, at *6 (4th Cir. June 20, 1994) ("The possibility that a

4

paroled inmate might be returned to prison is not sufficient to generate an immediate case or controversy."); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984) (holding that a prisoner's transfer to a different jail moots his claim for declaratory and injunctive relief even when the prisoner argues that there is no assurance that he will not be returned to the first jail). Petitioner is currently housed in federal custody awaiting transfer to a Bureau of Prisons' facility to serve his federal life sentence. His requested relief has been granted. There is nothing left for the court to do at this time. See Western Oil & Gas Ass'n, 905 F.2d at 1290 ("[T]he mootness inquiry asks 'whether there is anything left for the court to do.'").

### III

Accordingly, it is the recommendation of the undersigned that petitioner's claim for injunctive relief and a temporary restraining order be dismissed as moot.

The Clerk of the Court is directed immediately to transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is hereby directed to send a certified copy of this Report and Recommendation to petitioner and counsel of record.

**ENTER:** This 25th day of April, 2006.

/s/ Michael F. Urbanski
Michael F. Urbanski
United States Magistrate Judge

6